**MARR et v STARNER et**

Ohio Appeals, 5th Dist, Holmes Co .

No 231. Decided March 9, 1934

Cary-Estell & Kuhn, Millersburg for
plaintiff in error.

G. E. Huston, Millersburg, and Garver &
Badger, Millersburg, for defendant in error.

## OPINION

By LEMERT, J.

We have carefully examined the record in this case and the testimony is very short, there being the testimony of only three witnesses, James Marr, one of the plaintiffs, and Edith Marr, his wife, on behalf of the plaintiffs, and W. A. Miller on behalf of the defendant.

From a careful examination and analysis of this record and the opinion of the court, we have to say, that the law cited by the court below in his opinion is good law in a proper case, but it cannot be controlling in the instant case, for the reason that the facts will not warrant it.

To our minds the record clearly and distinctly shows that this money was placed in the Building and Loan Company for a specific definite purpose. There is no dispute between the plaintiffs and the defendants in this record; the fact is, that the record shows that Miller corroborates the plaintiff in this record.

Whether we should consider the money placed in the Building and Loan Company as a deposit, or whether it be known as running stock, the fact still remains that it was placed or left with the bank for a distinct and definite purpose.

The record shows the money when left at the bank was received by a clerk in charge and placed in a certain book as shown by plaintiff's Exhibit "1". This exhibit does not show that any stock was subscribed for or purchased by the plaintiff Marr. The evidence of Marr and Miller, the defendant, shows exactly and specifically the purpose for which this money was left.

According to the Constitution and By-Laws of the Deposit Building Savings and Loan Company, Article No. 4, provides:

"Any person upon subscribing for or in any way becoming the owner of one or more shares of capital stock of this company shall thereby become a full member thereof, and as such shall be entitled to all benefits and privileges and subject to all liabilities and duties of membership as prescribed by the Constitution and By-Laws of the Company and the Laws of Ohio."

So, that a person could only become the owner of any share or shares of stock by either subscribing therefor or by some act or agreement become the owner thereof.

The record is silent that the plaintiff at any time ever subscribed for of performed in any way any act whereby he became the owner of any stock. The fact that the clerk who received this money placed it in a certain book without the knowledge of the plaintiff Marr, is not sufficient to hold Marr as a stockholder or the owner of any running stock.

To our minds the fact that the money left with the bank was not left really as a deposit or as the owner of so many shares of stock, or running stock, is borne out by the fact that the same did not draw or produce any interest. No interest was expected by Marr, for the reason that it was left with the bank to be applied upon his mortgage indebtedness.

To hold in this case that Marr is the owner of so many shares of running stock without him subscribing therefor or performing some act whereby he would become the owner or holder thereof, to our minds would be unfair, unequitable and unjust.

It therefore follows, that the finding and judgment of the court below will be reversed and the finding and judgment may be entered for plaintiff below as prayed for in his petition.

Entry may be drawn accordingly. Exceptions may be noted.

SHERICK and MONTGOMERY, JJ, concur.